The opinion of the Court was delivered by
Tirghman, C. J.
The matters in dispute, in this appeal, depend principally upon the will of John Lefevre, deceased. The testator devised several parts of his real estate, and his 1 . whole personal estate, alter payment of his debts, to his only child, Elizabeth, her heirs, executors, administrators, and assigns, with an executory devise over, in case she should die . , . , . , , , m her minority, and without lawful issue. She did die u* ^er and without lawful issue; but before her death she married, and left her husband surviving her. The ques-tion is, whether the yearly income, or profits of the real and-personal estate, beyond what was expended in the maintenance and education of the testator’s daughter, should go to ^er Pel'sonal. representative, (her husband,) or pass along with the capital under the executory devise. It is a question ,, 1 , of intention ; for no doubt the testator had power to devise t^le profits as well as the principal of his real and personal estate, in case his daughter should die in her minority, without lawful issue. Yet, where the devise is, in the first instance> to a child, it requires a clear expression of the testator’s will to take any part of the annual income, in any event, from the child, and pass it over to more distant relations, y°^n Lefevre, first devises to his daughter, in .words which *557 convey an absolute and unlimited estate, the real estate “ to her and her heirs and assigns for ever;’'' the personal u to his said daughter, after his just debts and funeral charges are ,; ri paid.” The devise over, is in the following terms: “ It my daughter Elizabeth should die in her minority, and without lawful issue, the estate, real and personal, hereby given to her, shall be distributed, and, after such her decease appropriated, in manner following, to wit,” &c. Here is no mention of profits, nor direction that they should accumulate; no intimation that the daughter should not enjoy the estate absolutely, as long as she lived to enjoy it. The devise over is of the estate real and personal, which the testator had given to his daughter; and this, taking the words. in their plain meaning, does not extend to any thing more than the estate existing at the death of the testator; for the profits which arose afterwards were a different thing. But, in the latter part of the will, after the executory devise over, the testator directs “ that his daughter shall be raised, maintained, and educated out of the estate hereby given unto her, at the discretion and direction of her guardians, hereinafter named and appointed Hence the counsel for the appellant infers, that the surplus profits, beyond the expenses of maintenance and education, should accumulate, and pass over, in case of her death before twenty-one, without issue. But I cannot agree to this inference. It was necessary to give express power to the guardians to apply the estate to the maintenance of the daughter, because, if they had barely been appointed guardians, they would only have had the care of the person of the child without her estate. But this authority of applying the estate to the maintenance of the child, is quite consistent with the surplus profits being her property. So that taking the whole-will together, there is nothing which manifests an intent that the daughter shall not have the complete enjoyment of the estate, real and personal, and every thing which should arise from them, during her life. We lately decided a case at Philadelphia, ( Emlen v. Emlen,) where the same point arose ; a devise to a son, with an executory devise over, and it was decided, that the first taker had the profits for his own use absolutely. I am, therefore, of opinion, that the husband of Elizabeth, the daughter of jfohn Lejevre, is entitled to the ' balance of the profits of the real and personal estate of his late wife, devised to her by her father, which remained after- *558 deducting the expenses of her maintenance and education. Another question has been raised on this will, whether the guardians were bound to apply the projits of the estate to the maintenance of their ward, or might, at their discretion, apply the principal of the personal estate, in order to make a greater accumulation of the profits of the real estate. I have-no doubt but their duty was to apply all the pro jits before they touched any part of the principal. It is true, that power is given to them to apply the estate at their discretion, &c.; but this discretion is to be referred principally to the manner of educating the child, the amount of the expenses, &c. Besides, it would have been an abuse of discretion to throw the estate out of its natural order, and devise ways and means for the destruction of the principal of the personal estate, and for procuring an accumulation of the profits of the real estate, to the injury of the devisee over, and for the benefit of the husband, who does not appear to have entered into the testator’s contemplation. There is not a word in the will which looks like an intent to make any provision for a husband, in case the testator’s daughter died without issue, in her minority. I am of opinion, therefore, that the principal of the personal estate ought not to have been broken in upon, provided the profits of the whole estate were adequate to the maintenance and education of the child.